**UNITED STATES of America,**

v.

**Kevin Jeffrey STANTON, Appellant.**

**No. 04–2513.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) June 7, 2005.

Decided June 8, 2005.

Frederick E. Martin, Office of United States Attorney, Williamsport, PA, for United States of America.

Ronald A. Krauss, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before AMBRO, STAPLETON and ALARCON,* Circuit Judges.

---

* Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting by

*OPINION OF THE COURT*

STAPLETON, Circuit Judge.

Pursuant to a plea agreement, appellant Kevin Stanton pled guilty to escape from federal custody in violation of 18 U.S.C. § 751. He challenges his sentence based on *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In accordance with circuit precedent, we will affirm his conviction, vacate his sentence, and remand for resentencing in accordance with *Booker. See United States v. Davis,* 407 F.3d 162 (3d Cir.2005).

We will not, however, direct that Stanton be resentenced by a different United States District Court judge as he requests. His request is premised on his contention that the government breached the plea agreement at his sentencing. We find no breach.

The plea agreement provided:

The United States Attorney's Office for the Middle District of Pennsylvania recognizes that the facts relating to defendant's unlawful departure from custody are unusual and may fall "outside the heartland of cases" relating to unlawful departure from custody. These facts may justify a downward departure from the otherwise applicable Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a downward departure shall not be a basis to void this plea agreement.

App. at 36. Like the District Court, we find that nothing occurring at Stanton's arraignment amended this provision. *See* App. at 54. Accordingly, there was no promise by the government not to oppose Stanton's motion for a downward departure.

designation.

The judgment of the District Court will be vacated, and this matter will be remanded for resentencing under *United States v. Booker.*